IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| WAYMON BRYANT, JR., | : | MOTION TO VACATE |
| BOP No. 11671-509, | : | 28 U.S.C. § 2255 |
| Movant *pro se*, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 4:20-CR-19-LMM-JHR-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 4:25-CV-7-LMM-JHR |

**ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

Movant *pro se*, Waymon Bryant, Jr., submitted a "Motion for Modification of Sentence," which the District Court recharacterized as a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Motion to Vacate"). (Mot. Vacate [89]; *see also* Order of Oct. 30, 2024 [90]; Order of Jan. 7, 2025 [94].) The government filed a "Motion to Dismiss and Response" in opposition. (Resp. [91].) Movant then submitted a second "Motion for Modification of Sentence," which the undersigned construes as a Supplement to the Motion to Vacate. (Supp. [92].)

Movant submitted a Motion to Hold Case in Abeyance [99]. Shortly thereafter, movant submitted a Motion to Lift Stay [100]. Because movant no

longer seeks to stay this case, movant's Motion to Hold Case in Abeyance [99] and Motion to Lift Stay [100] are **DENIED AS MOOT**.

Movant submitted two Motions to Supplement Pending 28 U.S.C. § 2255 Motion [101, 108], which are **GRANTED**. Movant also submitted two Motions Requesting the Court to Address Pending 28 U.S.C. § 2255 Motion [102, 104], which are **GRANTED**. Movant further submitted two Motions for Summary Judgment [103, 105]. Movant filed a Motion to Supplement Pending Motion for Summary Judgment [107], which is **GRANTED**.

For the reasons stated below, the undersigned **RECOMMENDS** that (1) the government's "Motion to Dismiss and Response" [91] be **GRANTED**, and (2) movant's Motion to Vacate [89] be **DISMISSED** and Motions for Summary Judgment [103, 105] be **DENIED AS MOOT**.

I.     **DISCUSSION**

On February 8, 2022, movant pleaded guilty to possession of a firearm by a convicted felon [1, 45]. Movant's sentencing guidelines range was 100 to 120 months of imprisonment. (Resp. 2.) On May 26, 2022, the District Court filed the Judgment and Commitment, sentencing movant significantly below his guidelines range to eighty-four months of imprisonment, followed by three years of supervised release [55]. On July 11, 2023, the Eleventh Circuit affirmed [79].

According to movant's certificate of service, he mailed the Motion to Vacate on October 21, 2024. (Mot. Vacate 3.) Movant's envelope was postmarked on October 22, 2024. (*Id.* at 5.) In his sole ground for relief, movant claims that his sentence "was enhanced [by] four points for state pending charges that [he] wasn't convicted [of], and now these charges in Bartow County Superior Court Case No. 22-2311 were placed on [the] dead docket." (*Id.* at 2.) Movant later supplemented the Motion to Vacate with a copy of the Bartow County Superior Court's Final Order entering a *nolle prosequi* as to those charges on June 3, 2025. (Supp. [101] 8.)

The government argues that the Motion to Vacate is untimely. (Resp. 4-6.) A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) movant's conviction became final; (2) a government impediment to making the § 2255 motion was removed; (3) a right that movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Movant fails to show that the circumstances set forth in § 2255(f)(2)-(4) apply. Under § 2255(f)(1), movant had ninety days in which to seek certiorari in the Supreme Court after the Eleventh Circuit affirmed on July 11, 2023. *See* Sup. Ct. R. 13.1. Movant did not seek certiorari, and the ninety-day period expired on Tuesday, October 10, 2023. *See id.* 30.1 (extending last day of time period from federal holiday to next business day). Therefore, movant's conviction became final on that date. *See Clay v. United States*, 537 U.S. 522, 525 (2003). The one-year statute of limitations expired on October 10, 2024.[1] Movant mailed the Motion to Vacate eleven days late, on October 21, 2024.[2]

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). Movant appears to argue that he is entitled to equitable tolling because he contacted a federal public defender for assistance, and the

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

[2] "[A] prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

federal public defender responded to his inquiry in writing on January 18, 2024. (Supp. [92] 1-3.) "Mere attorney negligence does not justify equitable tolling. . . . For a [movant] to be entitled to equitable tolling, there must be egregious attorney misconduct, such as proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." *Scott v. Duffy*, 372 F. App'x 61, 63 (11th Cir. 2010) (per curiam) (citations and internal quotation marks omitted). Movant fails to show that the federal public defender committed egregious misconduct. Therefore, movant is not entitled to equitable tolling.

"Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Movant fails to present new reliable evidence demonstrating actual innocence. Therefore, the Motion to Vacate should be dismissed as untimely.

5

The government also correctly argues that movant's ground for relief is procedurally defaulted. (Resp. 7-10.) "Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for [the] default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [movant or counsel] from raising [the] claims on direct appeal and that this factor cannot be fairly attributable to [movant's] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004) (per curiam). To demonstrate actual prejudice, a movant must show that the alleged error "worked to [movant's] actual and substantial disadvantage, infecting [the] entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per

6

curiam)) (internal quotation marks omitted). "[A]ctual innocence means factual innocence, not mere legal innocence." *Id.* at 1235 n.18 (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)) (internal quotation marks omitted).

In the present case, movant's ground for relief is procedurally defaulted because he failed to raise it on direct appeal. Movant fails to overcome the procedural default because he neither (1) shows cause and actual prejudice, nor (2) presents proof of actual innocence.

Even if movant had timely filed the Motion to Vacate and could overcome the procedural default of his ground for relief, the government correctly explains that he would not be entitled to relief on the merits. (Resp. 2, 6-7, 10.) "[Movant] received a four-level increase under [U.S.S.G.] § 2K2.1(b)(6)(B) [(2021)] because [he possessed a firearm] in connection with the aggravated assault of his parents . . . ." (*Id.* at 2.) At the time of movant's sentencing, that guideline provided for a four-level increase "[i]f the defendant . . . possessed any firearm or ammunition in connection with another felony offense . . . ." U.S.S.G. § 2K2.1(b)(6)(B) (2021). "Another felony offense" "means any federal, state, or local offense, other than the . . . firearms possession . . . offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." *Id.* cmt. n.14(C). In the present

case, the guideline did not require the aggravated assault to be charged or a conviction to be obtained. (*Id.* at 2, 10.) Therefore, movant's argument that he was not convicted of aggravated assault in state court would not have changed his guideline calculation.

Accordingly, the undersigned **RECOMMENDS** that (1) the government's "Motion to Dismiss and Response" [91] be **GRANTED**, and (2) movant's Motion to Vacate [89] be **DISMISSED** and Motions for Summary Judgment [103, 105] be **DENIED AS MOOT**.

## II.     CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

### III.  CONCLUSION

For the reasons stated above, the undersigned **ORDERS** that movant's (1) Motion to Hold Case in Abeyance [99] and Motion to Lift Stay [100] are **DENIED AS MOOT**, and (2) Motions to Supplement Pending 28 U.S.C. § 2255 Motion [101, 108], Motions Requesting the Court to Address Pending 28 U.S.C.

9

§ 2255 Motion [102, 104], and Motion to Supplement Pending Motion for Summary Judgment [107] are **GRANTED**. The undersigned **RECOMMENDS** that (1) the government's "Motion to Dismiss and Response" [91] be **GRANTED**, (2) the Motion to Vacate [89] be **DISMISSED**, (3) a certificate of appealability be **DENIED**, (4) movant's Motions for Summary Judgment [103, 105] be **DENIED AS MOOT**, and (5) civil action number 4:25-cv-7-LMM-JHR be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral of the Motion to Vacate to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 28th day of January, 2026.

_____
JOHN H. RAINS IV
UNITED STATES MAGISTRATE JUDGE